## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 18-CR-0128-001-CVE** |
| | ) | |
| **DAROWE JUNIOR JONES,** | ) | |
| **a/k/a Darowe Jones, Jr.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION AND ORDER AND PRELIMINARY ORDER OF FORFEITURE

Now before the Court is the Motion of the United States for Entry of Forfeiture Money Judgment and Preliminary Order of Forfeiture of Firearms and Ammunition with Memorandum in Support Thereof (Dkt. # 148). Plaintiff asks the Court to preliminarily order forfeiture of firearms and ammunition and to enter a forfeiture money judgment in the amount of $74,899.46 against defendant. Defendant objects to the motion (Dkt. # 154), asking the Court to deny plaintiff's motion as to $15,000 in cash found in his residence, because plaintiff has failed to establish a sufficient nexus between the money and the criminal activity.

On June 4, 2018, a grand jury returned an indictment (Dkt. # 2) charging defendant with being a felon in possession of a firearm, drug conspiracy, possession of heroin and marijuana with intent to distribute, and maintaining a drug involved premises. The original indictment contains a forfeiture allegation as to one firearm and associated ammunition. Dkt. # 2, at 3. On August 8, 2018, a grand jury returned a superseding indictment (Dkt. # 48) asserting additional criminal charges and naming new defendants, and the superseding indictment sought forfeiture of firearms and ammunition. Dkt. # 48, at 18. The firearm forfeiture allegation put defendant on notice that,

if he were convicted of counts one, seven, or fifteen[1] of the superseding indictment, he would forfeit the following firearms and ammunition:

1. One Smith & Wesson, Model SW9VE, 9mm caliber pistol, bearing serial number DTE4048;

2. One Taurus, Model PT-709 Slim, 9mm caliber pistol, bearing serial number TJN81002;

3. Eight rounds of Remington Peters brand, 9mm Luger caliber ammunition; and

4. Thirteen rounds of Federal Cartridge brand, 9mm Luger caliber ammunition.

Id. In addition, the superseding contained a forfeiture allegation in the form of a money judgment in the amount of $38,000 under 21 U.S.C. § 853(a). Id. at 27-28. The forfeiture money judgment was sought in relation to the drug conspiracy charges asserted in counts two, nine, and sixteen of the superseding indictment.

Defendant exercised his right to a jury trial and he was convicted of all charges against him.[2] Dkt. # 133. Plaintiff has filed a motion preliminarily seeking forfeiture of firearms and ammunition and entry of a forfeiture money judgment in the amount of $74, 899.46. Dkt. # 148. Plaintiff has provided the affidavit of William Robert Taylor, a litigation financial analyst, and the exhibits to the affidavit include transcripts of trial testimony, a spreadsheet detailing financial transactions made in furtherance of the charged drug conspiracies, and transcripts of phone calls made while defendant

---

[1] Counts one and fifteen charged defendant with being a felon in possession of a firearm and ammunition, and defendant was charged in count seven with possession of a firearm in furtherance of a drug trafficking crime.

[2] As to count sixteen, the jury did not unanimously find beyond a reasonable doubt as to the object of the conspiracy that defendant possessed methylenedioxymethphetamine (MDMA) with intent to distribute, but this has no bearing on the amount of forfeiture sought by plaintiff. Dkt. # 133, at 5.

was in pretrial custody. Defendant has filed an objection to plaintiff's motion for forfeiture, but his objection appears to be limited to the forfeiture of $15,000 in cash found in defendant's residence. Dkt. # 154.

The Court will initially consider plaintiff's request for forfeiture of firearms and ammunition. Under 18 U.S.C. § 924(d), any firearm or ammunition involved in or used in a violation § 924(g) shall be subject to forfeiture. Section 924(d) is civil in nature and forfeiture is warranted if the government shows by a preponderance of the evidence that the firearm or ammunition was involved in one of the offenses listed in § 924(d). United States v. Japanese Rifle, 571 F. Supp. 685, 691 (E.D. Va. 2008). Although § 924(d) is civil in nature, forfeiture of firearms and ammunition may be sought as a part of a criminal case. Pursuant to 28 U.S.C. § 2461(c), "[i]f a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment . . . pursuant to the Federal Rules of Criminal Procedure." The district court "shall order forfeiture of the property if a defendant is convicted of the offense giving rise to the forfeiture allegation. Id. In this case, defendant was convicted of being a felon in possession of a firearm as charged in counts one and fifteen, and the firearms and ammunition listed in the superseding indictment for these charges are the same for which forfeiture is sought. Defendant does not object to forfeiture of the firearms and ammunition, and the jury's verdict supports the mandatory forfeiture of the firearms and ammunition identified in the forfeiture allegation of the superseding indictment.

The entry of a forfeiture money judgment as to the drug conspiracy charges is governed by 21 U.S.C. § 853. Under § 853(a), any person convicted of a federal drug offense shall forfeit to the United States "(1) any property constituting, or derived from, any proceeds, in any manner or part,

directly or indirectly, as a result of the violation" or "(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation . . . ." Forfeiture is an element of sentencing imposed after a conviction and the government has the burden is to establish a nexus between the property and the offense by a preponderance of the evidence. United States v. Bader, 678 F.3d 858, 893 (10th Cir. 2012). A preliminary order of forfeiture should be entered as soon as practical after a jury verdict or finding of guilt. Fed. R. Crim. P. 32.2(b)(1)(A).

The Federal Rules of Criminal Procedure state that the indictment must provide notice to the defendant that the government will seek forfeiture as part of the sentence to be imposed, but the indictment does not need to identify the property to be forfeited or the amount of a forfeiture money judgment. Fed. R. Crim. P. 32.2(a). In this case, the superseding indictment provided notice to defendant that forfeiture would be sought as part of a conviction for a drug offense, and that plaintiff would be seeking a forfeiture money of judgment of "at least $38,000." Dkt. # 48, at 27. Defendant notes that plaintiff is now seeking entry of a forfeiture money judgment in the amount of $74,899.46, almost $37,000 more than the amount stated in the superseding indictment. Dkt. # 154, at 1. However, Rule 32.2. simply requires that the indictment place a defendant on notice that forfeiture will be sought, and the amount of a forfeiture money judgment can be amended even after the entry of a post-conviction order of forfeiture is actually entered. United States v. Arnold, 878 F.3d 940, 943-44 (10th Cir. 2017). The superseding indictment put defendant on notice that plaintiff would seek forfeiture if defendant were convicted of a drug conspiracy charge, and plaintiff has complied with the notice provision of Rule 32.2.

Defendant argues that plaintiff has not established a sufficient nexus between $15,000 in cash seized from his home and the drug offenses for which he was convicted. Dkt. # 154, at 2. He cites the trial testimony of plaintiff's witness, Cheryl Compton, suggesting that defendant had been lawfully employed about two years before he was arrested, and he argues that the $15,000 in cash could have been the result of his employment. Id. However, plaintiff has produced evidence that defendant had no lawful employment during the time of the charged drug conspiracies, and that defendant made or received wire transfers totaling $59,899.46 between December 6, 2016 and April 6, 2018. Dkt. # 148-1, at 10-12. Co-defendant Cherie Kelley testified at trial that the wire transfers were made in furtherance of the drug conspiracies charged in the superseding indictment. Id. at 19. After defendant was arrested, he contacted co-defendant Dannie Dill and asked him to retrieve $15,000 in cash from a hiding place in defendant's residence, and defendant's phone calls from a correctional facility were recorded. Id. at 20-22. In a phone call to his mother, defendant states that law enforcement officials may be seeking a warrant to search his residence, and he wanted evidence of criminal activity removed from the residence before a search could take place. Id. at 24.

The Court has reviewed the evidence submitted by plaintiff and finds that a forfeiture money judgment in the amount of $74,899.46 should be entered against defendant. Defendant does not contest that funds sent by wire transfer in the amount of $59,899.46 were derived from or used in furtherance of the charged drug conspiracies, and plaintiff has established a nexus between the wire transfers and the charged drug conspiracies by a preponderance of the evidence. As to the $15,000 in cash seized from defendant's residence, the possibility that he was lawfully employed approximately two years before he was arrested does not tend to rebut the evidence showing that defendant derived significant income from trafficking in illegal drugs between December 2016 and

April 2018.  The $15,000 was hidden in a manner to avoid detection by law enforcement officials in the event that defendant's residence was searched, and this strongly suggests that the money was not lawfully obtained.  In addition, the transcripts of the recorded phone calls support a finding that defendant wanted the money removed before his home could be searched by law enforcement officials and that the money was illegally derived.  Plaintiff has established by a preponderance of the evidence that the $15,000 in cash was derived from the charged drug conspiracies, and these funds are subject to forfeiture.

**IT IS THEREFORE ORDERED** that, pursuant to 21 U.S.C. § 853(a), the Motion of the United States for Entry of Forfeiture Money Judgment and Preliminary Order of Forfeiture of Firearms and Ammunition with Memorandum in Support Thereof (Dkt. # 148) is **granted**, and a criminal forfeiture money judgment in the amount of $74,899.46 is hereby entered against defendant Darowe Junior Jones.

**IT IS FURTHER ORDERED** that the following firearms and ammunition are preliminarily forfeited to plaintiff:

1. One Smith & Wesson, Model SW9VE, 9mm caliber pistol, bearing serial number DTE4048;

2. One Taurus, Model PT-709 Slim, 9mm caliber pistol, bearing serial number TJN81002;

3. Eight rounds of Remington Peters brand, 9mm Luger caliber ammunition; and

4. Thirteen rounds of Federal Cartridge brand, 9mm Luger caliber ammunition.

**IT IS FURTHER ORDERED** that plaintiff shall publish notice of this Opinion and Order and its intent to dispose of the firearms and ammunition pursuant to 21 U.S.C. § 853(n) and Fed. R.

Crim. P. 32.2(b)(6). Plaintiff shall also send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Upon the entry of this Opinion and Order, the United States is authorized to seize or retain custody of the firearms and ammunition in accordance with Fed. R. Crim. P. 32.2(b)(3). Any person, other than defendant, asserting a legal interest in the firearms and ammunition may, within thirty (30) days of the final publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest. Following the Court's disposition of any petition timely filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this Opinion and Order shall become the final order of forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2) and all right, title and interest would vest in the United States for disposition according to law.

**IT IS FURTHER ORDERED** that plaintiff shall initiate proceedings necessary to protect third-party interests, if any, pursuant to and in accordance with Rule 32.2.

**DATED** this 7th day of February, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE