**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 18-CR-00128-CVE-1** |
| **v.** | ) | |
| | ) | **USM No.: 15510-062** |
| **DAROWE JUNIOR JONES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Before the Court is defendant Darowe Junior Jones's motion for reduction of sentence filed November 6, 2023, pursuant to 18 U.S.C. § 3582 and the First Step Act of 2018 (Dkt. # 230). Plaintiff filed a response in opposition to the motion on December 29, 2023 (Dkt. # 232), and Jones filed a reply brief on February 14, 2024 (Dkt. # 236).[1]  For the following reasons, the Court denies the motion.

## I.    Background

In October 2018, a jury found Jones guilty as to counts one through nine and fifteen through twenty of the superseding indictment:  two counts of felon in possession of firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (counts one and fifteen); three counts of drug conspiracy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (counts two, nine, and sixteen); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) (count three); possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (count four); possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (count five); possession with intent

---

[1] Because Jones presents the instant motion without aid of counsel, the Court liberally construes his motion and reply brief.  See <u>James v. Wadas</u>, 724 F.3d 1312, 1315 (10th Cir. 2013).

to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (count six); possession of a firearm in furtherance of drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count seven); two counts of maintaining drug involved premises, in violation of 21 U.S.C. §§ 856(a)(1) and (b) (counts eight and nineteen); possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) (count seventeen); possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (count eighteen); and destruction or removal of property to prevent seizure, in violation of 18 U.S.C. §§ 2232(a) and 2 (count twenty). Dkt. # 169, at 1-2; Dkt. # 133.[2]

On February 17, 2019, this Court sentenced Jones to a total term of imprisonment of 211 months:  120 months as to each of counts one and fifteen, 151 months as to each of counts two, three, four, five, eight, nine, sixteen, seventeen, eighteen, and nineteen, and 60 months as to each of counts six and twenty, to run concurrently with each other; and the mandatory minimum of 60 months as to count seven, to run consecutively to all other counts.  Dkt. # 169, at 3.  On February 4, 2020, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") affirmed Jones's convictions and sentences on direct appeal.  Dkt. # 202.  Jones moved to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255, in May 2020.  Dkt. # 206.  This Court denied the § 2255 motion in August 2022.  Dkt. # 228.

Jones presently is incarcerated at FCI Seagoville, with a projected release date of May 18, 2033.  Dkt. # 236, at 14; Dkt. # 232-2; *see also* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc, last visited Mar. 4, 2024.

---

[2] For consistency, the Court's citations refer to the CM/ECF header pagination.

## II.    Applicable law

Jones seeks relief under 18 U.S.C. § 3582(c) and the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018) ("First Step Act").  Dkt. # 230.  As amended by the First Step Act, § 3582(c) provides, in relevant part:

(c) Modification of an Imposed Term of Imprisonment. –The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]

18 U.S.C. § 3582(c)(1).[3]  Under § 3582(c)(1)(A)(i)

a district court may . . . grant a motion for reduction of sentence, whether filed by the Director of the BOP or a defendant, only if three requirements are met:  (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the

---

[3] Section 603(b) of the First Step Act amended § 3582(c)(1) to allow a defendant to bring a motion for reduction of sentence under § 3582(c)(1)(A)(i), commonly referred to as a motion for compassionate release.  Before enactment of the First Step Act, only the Bureau of Prisons could file a motion for compassionate release on behalf of a defendant.  United States v. Maumau, 993 F.3d 821, 824 (10th Cir. 2021).

3

district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

Maumau, 993 F.3d at 831.[4]  Maumau contemplates a three-step analysis for evaluating a motion for compassionate release, and a district court must address all three steps before it grants a motion. Maumau, 993 F.3d at 831 n.4 (citing United States v. Navarro, 986 F.3d 668, 670 (6th Cir. 2021)). See also United States v. McGee, 992 F.3d 1035 (10th Cir. 2021).  But a district court may deny a motion for compassionate release, without addressing all three steps, when the court determines that any one of the conditions for granting relief is not met.  United States v. Hemmelgarn, 15 F.4th 1027, 1029 (10th Cir. 2021).

In Maumau, the Tenth Circuit concluded that "district courts . . . have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' but that this authority is effectively circumscribed by . . . the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. at 834.  The Tenth Circuit nonetheless held that the Sentencing Commission's applicable policy statement in USSG § 1B1.13, then last revised in November 2018, did not apply to defendant-filed motions because the Sentencing Commission did not revise the policy statement after Congress enacted the First Step Act in December 2018, amending § 3582(c)(1)(A) to permit defendant-filed motions.  Id. at 836-37.  Thus, under Maumau, a district court's discretion to identify

---

[4] Section 3582(c)(1)(A) also requires the prisoner to exhaust administrative remedies before filing a motion for compassionate release.  As previously stated, Jones satisfied this requirement, and plaintiff does not argue otherwise.  Dkt. ## 231, 232.

"extraordinary and compelling reasons" warranting a sentencing reduction was "not constrained by the Sentencing Commission's existing policy statement" in USSG § 1B1.13.  Id. at 837.[5]

However, effective November 1, 2023, the Sentencing Commission amended USSG § 1B1.13, rendering that policy statement applicable to both BOP-filed and defendant-filed motions seeking relief under § 3582(c)(1)(A).  USSG § 1B1.13 (Nov. 1, 2023); see also USSG Supplement to App. C (Nov. 1, 2023), at 205 (discussing Amendment 814 and stating: "Among other things, the amendment extends the applicability of the policy statement to defendant-filed motions; expands the list of specified extraordinary and compelling reasons that can warrant sentence reductions; retains the existing 'other reasons' catchall; provides specific guidance with regard to the permissible consideration of changes in the law; and responds to case law that developed after the enactment of the First Step Act.").  USSG § 1B1.13(b)(6) provides in full:

> UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

---

[5] When Maumau was decided, USSG § 1B1.13 essentially restated the language from the pre-First Step Act version of § 3582(c)(1)(A), referencing only BOP-filed motions, and the application note to USSG § 1B1.13 described extraordinary and compelling reasons to reduce a sentence as including the defendant's medical condition; the defendant's age, if over 65 years, and attendant deterioration caused by the aging process; certain family circumstances of the defendant; and "other reasons" as determined by the Director of the Bureau of Prisons.  USSG § 1B1.13, p.s. & comment. (n.1) (2018).  After Maumau was decided, the Tenth Circuit clarified that while Maumau held that "the district court's discretion is not restricted by any Sentencing Commission policy statements . . . it would hardly be an abuse of discretion for a district court to look to the [2018] policy statement for guidance."  United States v. Hald, 8 F.4th 932, 938 n.4 (10th Cir. 2021).

USSG § 1B1.13(b)(6) (Nov. 1, 2023).  The Sentencing Commission also added subsection (c) which provides, in full:

> LIMITATIONS ON CHANGES IN LAW.—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

USSG § 1B1.13(c) (Nov. 1, 2023).  Together, subsections (b)(6) and (c) provide guidance to district courts tasked with determining whether certain changes in the law may be considered extraordinary and compelling circumstances warranting a reduced sentence.  See USSG Supplement to App. C (Nov. 1, 2023), at 210 (explaining, in the official commentary to Amendment 814, that "[s]ubsections (b)(6) and (c) operate together to respond to a circuit split concerning when, if ever, non-retroactive changes in law may be considered as extraordinary and compelling reasons within the meaning of section 3582(c)(1)(A)").

## III.   Analysis

Liberally construing the motion, it appears that Jones primarily seeks relief under § 3582(c)(1)(A)(i), claiming that his sentence should be reduced to time served, or that he should be released to home confinement, for three extraordinary and compelling reasons:  (1) changes in the law relevant to the method for calculating drug quantities at sentencing, Dkt. # 230, at 18-22; Dkt. # 236, at 4-5; (2) changes in the law demonstrating that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to Jones, Dkt. # 230, at 23-27; Dkt. # 236, at 5-7; and (3) "unwarranted sentencing disparities" either between the sentence Jones received and the sentences his co-

defendants received or between the sentence he received and the sentence that could be imposed today following passage of the First Step Act, Dkt. # 230, at 27-33; Dkt. # 236, at 7-9.[6]

Plaintiff urges the Court to deny the motion. Plaintiff contends that Jones's first two reasons are not properly before this Court because they challenge the calculation of drug quantities used to determine his sentences and challenge the constitutionality of § 922(g)(1) and thus constitute claims that must be raised in a motion under § 2255. Dkt. # 232, at 6-7. Plaintiff construes Jones's third reason as relying on the policy statement in USSG § 1B.13(b)(6) to seek relief from an "unusually long sentence" or a sentence that is "grossly disparate" from the sentence he would receive today and argues (1) that subsection (b)(6) "is invalid because it conflicts with § 3582(c)(1)(A)'s plain text" and (2) that even if subsection (b)(6) is valid, Jones does not show that subsection (b)(6) affords him any relief. Id. at 7-13. Plaintiff further argues that even if Jones could demonstrate extraordinary and compelling reasons warranting a sentence reduction, the factors set forth in § 3553(a) weigh against reducing his sentence because his post-sentencing conduct shows that he remains "a danger to society." Id. at 13-14.

On consideration of the parties' arguments and applicable law, the Court finds that the motion shall be dismissed in part and denied in part.

### 1.     Method of calculating drug quantities

First, Jones asks this Court "to assess United States v. Stanback, 377 F. Supp. 3d 618 (W.D. Va. 2019), and several cases cited therein. Dkt. # 230, at 18-22. The basis for Jones's request is not entirely clear. After quoting extensively from Stanback, Jones appears to argue that this Court

---

[6] As further discussed below, the Court finds that some of Jones's arguments could be reasonably construed as seeking relief under § 3582(c)(1)(B) based on specific provisions of the First Step Act. Dkt. # 230, at 18-22, 28-30.

improperly sentenced him based on drug quantities alleged in the PSR that were not found beyond a reasonable doubt by a jury, in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Alleyne v. United States</u>, 570 U.S. 99 (2013), and that this Court should therefore reduce his sentences under section 404(b) of the First Step Act.  Dkt. # 230, at 18-22.

To the extent Jones's argument could be reasonably construed as asserting a claim that this Court violated his right to have the jury determine the quantity of drugs necessary to support the sentences as to his drug-offense convictions, the Court agrees with plaintiff that this claim attacks the validity of his sentences and is not properly before the Court on the instant motion seeking a sentence reduction.  Dkt. # 232, at 6-7; <u>see</u> <u>United States v. Wesley</u>, 60 F.4th 1277, 1289 (10th Cir. 2023) (holding "that an 18 U.S.C. § 3582(c)(1)(A)(i) motion may not be based on claims specifically governed by 28 U.S.C. § 2255"); <u>United States v. Thacker</u>, 4 F.4th 569, 574 (7th Cir. 2021) (explaining that § 2255 provides the "principal path" that Congress has "established for federal prisoners to challenge their sentences" after they have become final).  And because Jones previously filed a § 2255 motion, he would need permission from the Tenth Circuit to file a second § 2255 motion before this Court could exercise its jurisdiction under § 2255 to vacate, set aside, or correct his sentence.  <u>See</u> 28 U.S.C. §§ 2244(a), 2255(h); <u>Wesley</u>, 60 F.4th at 1288 ("In all other contexts in which defendants have (following direct appeal) attempted to raise § 2255-like claims outside of § 2255, we have held that such a motion, however captioned or argued, must be treated as a § 2255 motion.").  Thus, to the extent Jones claims that his sentence should be reduced based on a miscalculation of the drug quantities or an <u>Apprendi</u>/<u>Alleyne</u> error, the Court construes his motion for compassionate release, in part, as an unauthorized second § 2255 motion and dismisses the motion for lack of jurisdiction.  <u>Wesley</u>, 60 F.4th at 1288-89.

However, to the extent Jones's argument could be reasonably construed as asserting a claim that this Court should reduce his sentence under § 404(b) of the First Step Act, the Court construes

8

his motion for compassionate release, in part, as a motion seeking relief under § 3582(c)(1)(B) and denies the motion.  See United States v. Brown, 974 F.3d 1137, 1144 (10th Cir. 2020) (concluding that "§ 404(b) operates through the mechanism of § 3582(c)(1)(B)").  Jones's argument relies heavily on Stanback, and several cases cited therein, to argue that some error occurred in determining the drug quantities in Jones's case.  Dkt. # 230, at 18-22.  And each of those cases involved a request for a reduced sentence under § 404(b) of the First Step Act.  See Stanback, 377 F. Supp. 3d at 620 ("Stanback, represented by counsel, filed a motion to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018."); id. at 623 (gathering cases involving requests for relief under section 404(b) and "join[ing] other courts in finding that [the] holdings [in Apprendi and Alleyne] are applicable in the context of the First Step Act").  But § 404(b) of the First Step Act has no application in Jones's case.  Section 404(b) provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."  First Step Act of 2018, Pub. L. 115-391, § 404(b), 132 Stat. 5194, 5222.  And § 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010."  Id.  In other words, § 404(b) "applies only to convictions involving crack cocaine that occurred before August 3, 2010."  United States v. Valenzuela, No. 22-2113, 2023 WL 3944868, at *1, n.3 (10th Cir. June 12, 2023) (unpublished);[7] see also United States v. Mannie, 971 F.3d 1145, 1147 (10th Cir. 2020) ("To alleviate some of the impacts caused by the statutory sentencing disparity between crack cocaine and powder cocaine

---

[7] The Court cites this unpublished decision for its persuasive value.  FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

offenses, Congress passed the Fair Sentencing Act of 2010 ("2010 FSA") which, among other things, increased the quantity of crack cocaine required to trigger certain statutory penalties. In 2018, Congress passed the First Step Act ("2018 FSA"), which, inter alia, made the Fair Sentencing Act's benefits retroactively applicable to offenders who committed offenses prior to the 2010 FSA's effective date of August 3, 2010."). Because Jones was not convicted of any crack cocaine offenses committed before August 3, 2010, § 404(b) affords him no relief. Thus, to the extent Jones claims that his sentence should be reduced under § 404(b) of the First Step Act, under the reasoning of Stanback and the cases cited therein, the Court construes his motion for compassionate release, in part, as a motion for reduction of sentence under § 3582(c)(1)(B) and denies the motion.

### 2. Constitutionality of 18 U.S.C. § 922(g)

Next, Jones appears to contend that his convictions as to counts one and fifteen are invalid because § 922(g)(1) is "unconstitutional as applied" to him. Dkt. # 230, at 23-27. For this argument, Jones relies on the Supreme Court's decision in New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1 (2022), and Range v. Attorney General, 69 F.4th 96 (3d Cir. 2023). Id. But the Court finds it unnecessary to delve into these cases because, even liberally construing Jones's motion, the Court agrees with plaintiff that Jones's attack on the validity of his firearm convictions is not properly before the Court and must be raised, if at all, in a second § 2255 motion after Jones obtains the requisite authorization from the Tenth Circuit. Dkt. # 232, at 7. Thus, to the extent Jones claims that his sentence should be reduced based on the alleged unconstitutionality of § 922(g)(1), the Court construes his motion for compassionate release, in part, as an unauthorized second § 2255 motion and dismisses the motion for lack of jurisdiction. See Wesley, 60 F.4th at 1288-89.

### 3.  Unwarranted sentence disparities

Finally, Jones appears to claim that his sentence should be reduced either because he received a longer sentence than his co-defendants or because he received a longer sentence than he would face today under the First Step Act.  Dkt. # 230, at 27-33.  Though Jones's arguments are not entirely clear, the Court finds, for two reasons, that they do not identify any extraordinary and compelling reasons to warrant a reduced sentence.

First, Jones urges this Court to consider the motions for compassionate release that were granted in Maumau and United States v. Redd, 444 F. Supp. 3d 717 (E.D. Va. 2020), and "argues that the unwarranted sentencing disparity factor must be determined only with reference to those comparably situated defendant[s] who w[ere] sentenced at the time of Jones's sentencing and those being sentenced today under a different sentencing structure."  Dkt. # 230, at 28-29.  Jones also discusses United States v. Owens, 996 F.3d 755 (6th Cir. 2021), a case in which the defendant successfully challenged the denial of a motion for compassionate release on appeal.  Id. at 32.  To the extent the Court understands Jones's argument, the Court finds that his reliance on Maumau, Redd, and Owens, is misplaced.  In each case, the defendant was convicted and sentenced as to multiple counts of violating 18 U.S.C. § 924(c) and moved for a reduced sentence based on a provision of the First Step Act that eliminated § 924(c)'s "stacking" provision.  Owens, 996 F.3d at 756-58;  Maumau, 993 F.3d at 824;  Redd, 444 F. Supp. 3d at 722-23.  As the Tenth Circuit explained in Maumau,

> At the time of Maumau's convictions, 18 U.S.C. § 924(c) included a "stacking" provision that required a district court to impose consecutive sentences of twenty-five years' imprisonment for second or subsequent convictions of the statute, even if those convictions occurred at the same time as a defendant's first conviction under the statute. As a result of that "stacking" provision, Maumau was sentenced to a total term of imprisonment of 55 years.

993 F.3d at 824.  But "[§] 403(a) of the First Step Act amended § 924(c) so that the twenty-five-

11

year mandatory minimum sentence for a second or subsequent conviction of § 924(c) applies only if the defendant's first § 924(c) conviction is final at the time of the second or subsequent § 924(c) conviction." Id.  In Maumau, the Tenth Circuit agreed with the district court's "conclusion: 'that a combination of factors' warranted relief, including: 'Maumau's young age at the time of' sentencing; the 'incredible' length of his stacked mandatory sentences under § 924(c); the First Step Act's elimination of sentence-stacking under § 924(c); and the fact that Maumau, 'if sentenced today, . . . would not be subject to such a long term of imprisonment.'" Id. at 837 (citation and footnote omitted).  Likewise, in Redd, the district court concluded that the defendant's circumstances, which included a lengthy sentence based on § 924(c)'s stacking provision and a significant disparity in the sentence that would be imposed after the First Step Act's elimination of that provision, demonstrated extraordinary and compelling reasons to reduce his sentence. Redd, 444 F. Supp. 3d at 722-24.  And, in Owens, the Sixth Circuit reversed the district court's denial of the defendant's motion for compassionate release, holding "that, in making an individualized determination about whether extraordinary and compelling reasons merit compassionate release, a district court may include, along with other factors, the disparity between a defendant's actual sentence and the sentence that he would receive if the First Step Act applied." 996 F.3d at 760.  Critically though, unlike the defendants in Maumau, Redd, and Owens, Jones has only one § 924(c) conviction and he was sentenced after Congress enacted the First Step Act. Thus, to the extent Jones argues that he should be granted a reduced sentence based on the First Step Act's elimination of § 924(c)'s stacking provision, he has not shown an extraordinary or compelling reason to reduce his sentence because no part of his sentence would be different today under § 403(a) of the First Step Act.

Second, Jones appears to also argue that a reduction of his sentence is warranted to correct disparities between his sentence and the sentences that were imposed against his codefendants.

Dkt. # 230, at 30-31.   However, as plaintiff contends, Jones's argument on this point is not adequately developed.   Rather, Jones provides only a "string-cite to authorities saying that sentencing courts do not err in considering disparities among codefendants" and Jones "fails to explain which of his codefendants received sentences that were unreasonable compared to his." Dkt. # 232, at 13.   To the extent Jones claims that "unwarranted sentencing disparities" among codefendants support his request for a reduced sentence, the Court finds that he has not established the existence of an extraordinary and compelling reason to support that request.[8]

## IV.    Conclusion

Based on the foregoing, the Court concludes that, to the extent Jones claims that his sentence should be reduced based on a miscalculation of the drug quantities, an Apprendi/Alleyne error, or the alleged unconstitutionality of 18 U.S.C. § 922(g)(1), the Court construes his motion, in part, as an unauthorized second 28 U.S.C. § 2255 motion and dismisses the motion, in part, for lack of jurisdiction.   The Court further concludes that, to the extent Jones claims that his sentence should be reduced under § 404(b) of the First Step Act, the Court construes his motion, in part, as a motion seeking relief under 18 U.S.C. § 3582(c)(1)(B) and denies the motion.   The Court further concludes that, to the extent Jones claims that his sentence should be reduced based on "unwarranted sentence disparities" arising either from the First Step Act's elimination of 18 U.S.C.

---

[8] Plaintiff appears to construe both arguments as attempting to identify an extraordinary and compelling circumstance under USSG § 1B1.13(b)(6).  Dkt. # 232, at 7-73.  But Jones mentions only the 2007 version of USSG § 1B1.13 in his motion, see Dkt. # 230, at 14-15, and discusses subsection (b)(6) only in the reply brief where he responds to plaintiff's arguments that subsection (b)(6) either is invalid or does not apply, see Dkt. # 236, at 7-9.  Regardless, to the extent Jones's arguments regarding "unwarranted sentence disparities" could be reasonably construed as relying, in whole or in part, on subsection (b)(6), the Court finds it unnecessary to consider plaintiff's argument regarding the validity of that subsection because, as plaintiff contends, that subsection does not apply to Jones.  As plaintiff states, Jones received a low-end guidelines sentence—not an unusually long sentence—and he has not served at least ten years of said sentence.  Dkt. # 232, at 11.

§ 924(c)'s stacking provision or from alleged sentencing disparities among Jones and his codefendants, the Court construes his motion, in part, as a motion seeking relief under § 3582(c)(1)(A)(i) and denies the motion.

**IT IS THEREFORE ORDERED** that Jones's motion for reduction of sentence filed November 6, 2023, pursuant to 18 U.S.C. § 3582 and the First Step Act of 2018 (Dkt. # 230) is construed, in part, as an unauthorized second 28 U.S.C. § 2255 motion and is **dismissed without prejudice** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Jones's motion for reduction of sentence filed November 6, 2023, pursuant to 18 U.S.C. § 3582 and the First Step Act of 2018 (Dkt. # 230) is construed, in part, as seeking relief under 18 U.S.C. § 3582(c)(1)(A)(i) and (c)(1)(B) and is **denied**.

**IT IS SO ORDERED** this 7th day of March, 2024.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE